■ In the Matter of WILLIAM T. BROCKMAN, Petitioner, v. JAMES B. SKIDMORE et al., Respondents. — Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent trustees of the Village of East Hampton, dated June 17, 1971, dismissing petitioner, after a hearing, from his position of patrolman in the employ of the Police Department of the village, and for petitioner's reinstatement and back pay. Determination annulled, on the law, without costs, and respondents are directed to restore petitioner to his position of patrolman, with accrued salary and benefits, as of January 19, 1971, on which date he was suspended from duty without pay, less interim earnings, but without prejudice to the right of respondents to take such action pursuant to sections 72 and 73 of the Civil Service Law as they may be advised; and proceeding remanded to Special Term for a hearing and determination to fix the amount of the accrued salary and benefits, less interim earnings. In our opinion, the finding of petitioner's culpability on each of the six specifications of the charges made against him was not supported by the evidence adduced. As we view it the evidence more readily warranted the conclusion that the acts of misconduct charged were not willfully and intentionally perpetrated by petitioner, but may have been the result of mental illness. The hearing did not satisfy the requirements of sections 72 and 73 of the Civil Service Law, which are the statutory vehicles for inquiry into mental health issues. Moreover, it seems patent that the disciplinary proceeding against petitioner was instituted by respondents under section 75 of the Civil Service Law, which provides merely for such action against a civil service employee on the grounds of incompetency or misconduct. Under the circumstances related, the determination under review should be annulled, since a charge of misconduct contemplates behavior which is willful and intentional (*Matter of Griffin v. Thompson,* 202 N. Y. 104, 113; *Matter of Reisig v. Kirby,* 62 Misc 2d 632, 635; *Matter of Badrow v. Common Council of City of Tonawanda,* 42 Misc 2d 505). However, in the exercise of proper administrative discretion, respondents are entitled to take such action under sections 72 and 73 of the Civil Service Law, as they deem appropriate. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.