OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In this article 78 proceeding, appellant seeks to set aside a determination made by respondent pursuant to section 75 of the Civil Service Law, terminating appellant’s employment by the New York City Transit Authority. Respondent’s findings of misconduct and incompetence are supported by substantial evidence in the hearing record and, particularly in view of appellant’s extensive prior disciplinary record, the penalty imposed is not so disproportionate as to be shocking to one’s sense of fairness. In such circumstances, respondent’s determination may not be disturbed.
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222;
 
 Matter of Ramsey v New York City Tr. Auth.,
 
 40 NY2d 960, affg 50 AD2d 895;
 
 Matter of Weber v Town of Cheektowaga,
 
 284 NY 377.)
 

 Appellant makes two additional arguments. First, he contends that respondent erroneously ignored and rejected the conclusion of the Impartial Disciplinary Review Board, an advisory body of union and management representatives created pursuant to a collective bargaining agreement to make recommendations in disciplinary cases. However, the record shows that respondent considered the review board’s conclusion as well as the hearing officer’s report and the hearing record. Furthermore, the review board has only an advisory role under a collective bargain
 
 *962
 
 ing agreement. By law respondent has the power and responsibility to make the disciplinary decision, and may reject such advice. (Civil Service Law, § 75;
 
 Matter of Simpson v Wolansky,
 
 38 NY2d 391.)
 

 Second, appellant urges that respondent erroneously failed to consider his participation in an alcohol counseling program, thereby violating an alleged “State policy” expressed in the Mental Hygiene Law, which declares that State and local governments have a responsibility to detect and prevent alcohol abuse problems and treat individuals who have them. (Mental Hygiene Law, § 19.01.) It is not at all clear from the record that respondent failed to consider appellant’s ongoing treatment. But in any event, section 19.01 of the Mental Hygiene Law does not guarantee continued public employment. In view of appellant’s long history of disciplinary problems and the substantial evidence supporting his dismissal, his participation in an alcohol treatment program is not ground for disturbing respondent’s determination.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.