■ SALVATORE D. RAO, Respondent, v DAVID GUNN, as President of the New York City Transit Authority, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority which, after a hearing, found the petitioner guilty of misconduct and terminated his employment, the appeal is from a judgment of the Supreme Court, Kings County (Krausman, J.), dated January 15, 1985, which granted the petition and directed that petitioner be reinstated to his former position with back pay.

Judgment affirmed, without costs or disbursements.

We agree with Special Term's finding that the New York City Transit Authority terminated petitioner's employment pursuant to Civil Service Law § 75 in violation of petitioner's constitutional rights.

A permanent civil service employee has a recognized property interest in his position, and may not be deprived of his right to continue employment without due process (see, Matter of Economico v Village of Pelham, 50 NY2d 120; Matter of Johnson v Director, Downstate Med. Center, 52 AD2d 357, affd 41 NY2d 1061). At a minimum, the affected employee is entitled to notice of the proposed disciplinary action and an opportunity to be heard at a meaningful time and in a meaningful manner (see, Matter of Economico v Village of Pelham, supra; Matter of Marsh v Hanley, 50 AD2d 687).

The appellants did provide the petitioner with notice of the charges against him and of his right to be heard. However, at the time of the hearing, the petitioner was involuntarily committed to the custody of the State Commissioner of Mental Hygiene, who denied the petitioner permission to attend the hearing. The appellants were aware of this fact, but nonetheless proceeded in the petitioner's absence. Under these circumstances, the petitioner was denied a meaningful opportunity to be heard. Therefore, Special Term did not err when it directed that petitioner be reinstated to his former position, with back pay, until such time as a new determination may be rendered (see, Matter of Tanner v County of Nassau, 88 AD2d 661).

The petitioner's contention that the appellants must proceed pursuant to Civil Service Law § 72 and cannot proceed to

impose disciplinary sanctions pursuant to Civil Service Law § 75 unless the acts of incompetence or misconduct are shown to be willful and intentional is without merit *(see, Matter of Brockman v Skidmore,* 39 NY2d 1045, *revg* 43 AD2d 572; *Matter of Muldoon v Mayor of Syracuse,* 34 NY2d 222, 236-237; *cf. Matter of Pollman v Fahey,* 106 AD2d 771). Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.