■ In the Matter of HARVEY BROWN, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent dated June 19, 1986, confirming a Tier II disciplinary determination by a Hearing Officer at the Green Haven Correctional Facility finding the petitioner guilty of possession of contraband, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Stolarik, J.), dated October 24, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner is an inmate at the Green Haven Correctional Facility. On May 3, 1986, a request was made to conduct a urinalysis test of the petitioner due to the fact that items related to drug use were found in his cell. This request was approved on May 4, 1986. On May 6, 1986, at 2:00 P.M., a urine specimen was obtained from the petitioner and at 2:10 P.M., it was put in the urinalysis testing room freezer. On June 6, 1986, Correction Officer Leone conducted an EMIT (Enzyme Multiple Immunoassay Technique) test on the specimen and on the following day, Correction Officer Becker conducted a similar test. Both tests showed a positive result for cannabinoid.

Based on the two positive test results, the petitioner was charged with possession of contraband in violation of rule 113.12, incorporated in 7 NYCRR 270.1 (b) (14) (v). A Tier II disciplinary hearing was held on June 10, 1986, and at the close of the hearing, the Hearing Officer found the petitioner guilty of the charges and imposed a punishment of 20 days' confinement to the petitioner's cell, beginning that day, and 10 days' confinement to his cell, suspended for 90 days. The petitioner then appealed the Hearing Officer's finding to the Superintendent of the Green Haven Correctional Facility, and the Superintendent confirmed the determination of the Hearing Officer, finding that there was sufficient evidence to support the charges.

By notice of motion dated June 25, 1986, the petitioner commenced the instant CPLR article 78 proceeding to review the Hearing Officer's determination. By judgment dated October 24, 1986, the Supreme Court, Dutchess County (Stolarik, J.), dismissed the proceeding.

The Court of Appeals in *Matter of Lahey v Kelly* (71 NY2d 135) recently decided that double EMIT test results are sufficiently reliable to constitute substantial evidence in prison disciplinary proceedings. Therefore, the petitioner's claim to the contrary is without merit.

The petitioner's claim that proper testing procedure was not followed in this case because his specimen was not tested until 30 days after it was taken is also without merit. The scientific literature supports the finding that a delay in testing will not affect the reliability of the EMIT test where, as here, the specimen is promptly frozen and kept in that state until shortly before testing.

The petitioner next claims that the Hearing Officer improperly refused his request to call Correction Officer Becker as a

witness. This claim is also without merit. The petitioner initially requested the Hearing Officer to call Officer Becker as a witness and the Hearing Officer agreed to do so only if there were questions Officer Leone could not answer. The petitioner then conceded that Leone could answer the proposed questions and after Leone testified, the petitioner did not renew his request. The Hearing Officer later approved the denial of the interview request on the ground of redundancy (see, 7 NYCRR 253.5 [a]), and under the facts of this case, the Hearing Officer's decision was proper.

We have examined the petitioner's remaining contention and find it to be without merit. Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.