■ SONNY HALL, as President of Local 100, Transport

Workers Union of America, on Behalf of ROBERT CANTY, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. —Proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority (hereinafter the Transit Authority) dated October 21, 1985, which, after a hearing, terminated Robert Canty's employment as a bus operator.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, the charge is dismissed, and Robert Canty is reinstated with back pay (less any unemployment benefits he may have received) for the period that he was dismissed from service.

Robert Canty, a bus driver who had been with the Transit Authority for 15 years, submitted to a drug test following his involvement in an accident on January 8, 1985. When the test results were reported on January 23, 1985, indicating that Mr. Canty had been using marihuana in violation of the Transit Authority's rules, he was placed on leave and entered the Transit Authority's employee counseling program pursuant to its guidelines concerning drug use. For 30 days he participated in the program which then recommended that Mr. Canty be reinstated to service. Upon resuming work on February 22, 1985, he was tested again pursuant to the guidelines. The blood test was negative for all drugs but the urine test was again positive for marihuana. Mr. Canty was charged with one count of "misconduct and/or incompetence", based on the fact that "A sample of your urine given on February 22, 1985 indicated that on or before that date you did without the permission of the New York City Transit Authority Medical Director use a controlled substance, to wit: cannabis."

At the subsequent hearing, the toxicology expert who supervised the chemical analysis of the Transit Authority's drug testing program testified that while a blood test of a sample taken more than a few hours after the last exposure to cannabis will be negative, traces of the drug sufficient to be detected under the program's cutoff guidelines may remain in a user's urine for up to 10 days or two weeks after the last exposure to that drug. He testified that it was possible, but not likely, for such a residue to be detected after a longer period.

Mr. Canty testified that he had started smoking marihuana heavily while in Vietnam in the 1960's and had been a weekend smoker since the mid-1970's. He said he stopped using the substance immediately after receiving the first test result on January 23, 1985, and argued that the new test

result was only due to the residue from his previous regular use.

The Hearing Examiner recommended that the charge "not be sustained" based upon his conclusion that "a significant doubt exists as to whether a sufficient period of time had elapsed between testing" to support a conclusion that Mr. Canty had committed a new violation. However, the vice-president for labor relations of the Transit Authority, who was the officer charged with the final decision in such disciplinary cases, decided without elaboration to sustain the charge and determined that Mr. Canty should be dismissed from the service. The vice-president stated that he reached his decision after "review[ing] the transcript of the trial board hearing and documents submitted for decision". When it was subsequently revealed that a transcript of the tape-recorded hearing was not prepared until several months after the decision, he explained that he meant that he had listened to the tape recording of the hearing. He stated that he had based his decision on the testimony of the toxicology expert and concluded that Mr. Canty's "last alleged use on January 23, 1985 could not account for [the subsequent] findings of cannabis".

The petitioner has a 15-year-long record of employment with the Transit Authority that was unblemished until the instant offense. The petitioner spoke candidly about his drug habit and the fact that he acquired it under the adverse and stressful conditions involved in serving his country in Vietnam. He admitted to heavy use over a number of years and to his subsequent reduction to weekend use. According to the petitioner, he eliminated this use altogether after receiving the positive results of the first test.

The equivocal nature of the evidence in support of the Transit Authority's contention that the petitioner continued to use cannabis after receipt of the first test results is significant. According to the toxicology expert, it was possible for the chemical to remain in the urine for a considerable length of time which could vary widely from one person to another. The Hearing Officer was sufficiently skeptical of these latter test results so that he recommended not sustaining the charge at all. While the vice-president for labor relations was not bound by this recommendation, the law requires that his determination be supported by substantial evidence. Since there is no evidence in the record of Canty's continued use of cannabis other than the doubtful results of the February 22, 1985 test, we find that his conclusion was not based upon substantial evidence.

Under the Transit Authority's own regulations, an employee may be suspended without pay and placed in a drug counseling program from which he might subsequently return to work if he demonstrates his success in overcoming his problem. An employee who does not demonstrate success after such an opportunity may justifiably be dismissed. Here, however, Mr. Canty was not afforded this opportunity. Therefore, the determination under review should be annulled and the charge dismissed. Mollen, P. J., Lawrence, Kunzeman and Harwood, JJ., concur.