■ ANDREW GELLMAN, Petitioner, v DAVID GUNN, as President of the New York City Transit Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated December 30, 1986, which, after a hearing, dismissed the petitioner from his position as a bus driver.

Adjudged that the petition is granted to the extent that the matter is remitted to the Transit Authority for computation of the amount of back pay owed to the petitioner in accordance herewith and in all other respects the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the determination by the respondent that the petitioner had illegally sold transfer books is supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). The evidence adduced at the hearing included an audio and videotape of the sale made by a Transit Authority police officer who personally observed the sale, and who testified at the hearing.

It is well settled, moreover, that a judicial or quasi-judicial administrative hearing, may be conducted in a "more or less informal" manner, "and even technical legal rules of evidence and procedure may be disregarded" so long as the essentials of a fair trial are maintained (Matter of Simpson v Wolansky, 38 NY2d 391, 395; see also, Matter of Barrett v D'Elia, 102 AD2d 890, 891; Matter of Cole v New York State Dept. of Educ., 94 AD2d 904, 905, lv denied 60 NY2d 556; Matter of Bueno v Ambach, 82 AD2d 935, 936, lv denied 54 NY2d 610). Accordingly, it was not error for the Hearing Referee to permit the introduction of certain hearsay testimony inasmuch as the evidence in this regard was both relevant and highly probative (People ex rel. Vega v Smith, 66 NY2d 130, 139). Nor was

it improper for the video and audiotapes to be admitted, since they contained relevant and reliable material which contributed to an informed result *(Matter of Simpson v Wolansky, supra;* Civil Service Law § 75 [2]). In short, the record reveals that the proceeding was conducted in such a manner as to ensure that the petitioner was afforded his fundamental right to a fair trial on the charges against him *(see, Matter of Simpson v Wolansky, supra).*

Further, the penalty of dismissal, when considered in light of the petitioner's conduct, was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Turner v Simpson,* 60 NY2d 959, 961; *Matter of Pell v Board of Educ.,* 34 NY2d 222).

Contrary to the respondents' contentions, the parties' collective bargaining agreement does not purport to alter or supersede Civil Service Law § 75 (3) pertaining to suspension without pay pending hearing and determination of charges against permanent civil service employees *(see, Sanders v New York City Tr. Auth.,* 130 Misc 2d 719, *affd* 135 Misc 2d 688; *cf., Traver v City of Poughkeepsie,* 108 AD2d 18, 23). Since the petitioner received no pay subsequent to his suspension and prior to October 31, 1985 as set forth in his reply brief, the matter should be remitted for a hearing to determine (1) the date on which the petitioner was suspended, as there is a dispute as to the precise date which cannot be resolved on the record before us, and (2) the extent to which the petitioner is entitled to back pay in conformity with Civil Service Law § 75 (3) less any periods of delay attributable to him *(see, Gerber v New York City Hous. Auth.,* 42 NY2d 162). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.