■ In the Matter of STEVEN KEMP, Petitioner, v DAVID GUNN, as President of the New York City Transit Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority (hereinafter the Transit Authority), dated January 2, 1987, which, after a hearing, sustained a charge of misconduct and terminated the petitioner's employment.

Adjudged that the petition is granted to the extent that the matter is remitted to the Transit Authority for computation of the amount of back pay owed to the petitioner; in all other respects, the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Assuming, as argued by the petitioner, that the Hearing Officer erred in admitting into evidence the transcript of a taped conversation between the petitioner and an informant, the Transit Authority's determination need not be annulled. The evidence adduced at the hearing, exclusive of the transcript, was "sufficient to satisfy a reasonable man, of all the facts necessary to be proved in order to authorize the determination" *(Matter of Weber v Town of Cheektowaga,* 284 NY 377, 380).

Moreover, we do not find the penalty of dismissal to be an abuse of the Transit Authority's discretion under the circumstances at bar *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Duran v Gunn,* 135 AD2d 628).

However the matter must be remitted to the Transit Authority based upon our determination that Civil Service Law § 75 (3), which provides that an employee may be suspended

without pay for no more than 30 days, requires that the petitioner be paid by the Transit Authority for the entire period of his suspension, which commenced on July 2, 1985, and ended with his dismissal on January 16, 1987, less 30 days and less those periods of delay attributable to him (see, Gerber v New York City Hous. Auth., 42 NY2d 162). The existence of a "substitute disciplinary procedure" in the collective bargaining agreement between the Transit Workers Union and the Transit Authority, which the petitioner was required to follow until such time as he was permitted to elect a hearing under Civil Service Law § 75, does not serve to forestall the Transit Authority's obligation with respect to back pay, less those periods of delay attributable to the petitioner, as the collective bargaining agreement contains no provision relating to this obligation (see, Gellman v Gunn, 143 AD2d 628; cf., Matter of Kavoukian v Bethlehem Cent. School Dist., 70 AD2d 1026).

We have considered the remaining contentions raised by the petitioner and find them to be without merit. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.