■ ERNEST PHIFER, Petitioner, v DAVID GUNN, as President of the New York City Transit Authority, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated December 30, 1986, which, after a hearing, found the petitioner guilty of certain charges of misconduct and dismissed him from his position as a bus operator.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the matter is remitted to the New York City Transit Authority for computation of the amount of back pay, if any, owed to the petitioner in accordance herewith, and in all other respects the determination is confirmed and the proceeding is dismissed on the merits.

The determination that the petitioner had used a controlled substance without authorization, in violation of the respondents' regulations, is supported by substantial evidence. We note that the scientific tests which confirmed the presence of a controlled substance in a sample of the petitioner's urine have been held to be reliable (see, Matter of Lahey v Kelly, 71 NY2d 135; Matter of Brown v Scully, 137 AD2d 595, 596). The penalty of dismissal is not disproportionate to the nature of the petitioner's misconduct (see, Matter of Pell v Board of Educ., 34 NY2d 222).

The petitioner also argues that he is entitled to back pay for the period of time beginning 30 days after his suspension on August 22, 1985, and continuing until his subsequent dismissal (see, Civil Service Law § 75 [3]). The respondents contend that the petitioner's suspension was imposed pursuant to the parties' collective bargaining agreement, so that the provisions of Civil Service Law § 75 (3) are inapplicable. However, as this court has recently held, "the parties' collective bargaining agreement does not purport to alter or supersede Civil Service Law § 75 (3) pertaining to suspension without pay pending hearing and determination of charges against permanent civil service employees" (Gellman v Gunn, 143 AD2d 628, 629, citing Sanders v New York City Tr. Auth., 130 Misc 2d 719,

*affd* 135 Misc 2d 688; *cf., Traver v City of Poughkeepsie,* 108 AD2d 18, 23).

The matter should therefore be remitted to the New York City Transit Authority for a computation of the back pay, if any, due to the petitioner. Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.