■ In the Matter of ANDREW MCCOY, Petitioner, v DAVID GUNN, as President of the New York City Transit Authority, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated April 6, 1987, which, after a hearing, sustained certain charges of misconduct against the petitioner and terminated his employment as a bus operator.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that this matter is remitted to the New York City Transit Authority for computation of the amount of back pay, if any, owed to the petitioner in accordance herewith, and in all other respects the determination is confirmed and the proceeding is dismissed on the merits.

On March 27, 1985, the petitioner, a bus driver who had been employed by the New York City Transit Authority for over two years, submitted to a drug test as part of a routine employment-related medical examination. When the test results indicated that the petitioner had been using marihuana in violation of the Transit Authority's rules, he was suspended without pay for 30 days and entered the Transit Authority's employee counseling program. At the conclusion of this program on May 20, 1985, a sample of the petitioner's urine tested negative for marihuana, and his counselor recommended that he be reinstated to service. On the following day,

however, he was again required to undergo drug testing pursuant to Transit Authority guidelines, and although his blood test was negative for all drugs, his urine test was positive for marihuana. The petitioner was subsequently charged with misconduct based upon the positive May 21, 1985 urine test, and following a hearing, the charge was sustained and he was dismissed.

Upon review of the record, we find the determination that the petitioner used a controlled substance in violation of the Transit Authority's regulations to be supported by substantial evidence. In this regard we note that the scientific tests which confirmed the presence of a controlled substance in a sample of the petitioner's urine have been held to be reliable (see, Matter of Lahey v Kelly, 71 NY2d 135; Phifer v Gunn, 143 AD2d 992). Moreover, while the petitioner's expert witness testified that the cannabis metabolite which is measured by urinalysis can be detected for some period of time after an individual has ceased using marihuana, in light of the fact that the petitioner's May 20, 1985, urine sample was negative, his claim that the cannabis metabolite detected in his May 21, 1985, urine sample could have been present due to marihuana use prior to his entry into the counseling program is unpersuasive (cf., Hall v New York City Tr. Auth., 138 AD2d 350).

In addition, we reject the petitioner's further contention that he was deprived of a fair hearing because the stenographic notes of his original testimony were stolen, and the Hearing Referee refused his request for an adjournment to repeat his testimony. The petitioner was afforded three opportunities to fully preserve the instant record for review by repeating his testimony, but on each of the scheduled dates he failed to appear. A new hearing is not warranted under these circumstances.

Further, the penalty of dismissal, when considered in the light of the petitioner's conduct, was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Turner v Simpson, 60 NY2d 959, 961; Matter of Pell v Board of Educ., 34 NY2d 222).

However, the matter must be remitted to the Transit Authority based upon our determination that Civil Service Law § 75 (3), which provides that an employee may be suspended without pay for no more than 30 days, requires that the petitioner be paid by the Transit Authority for the entire period of his suspension, less 30 days and less those periods of delay attributable to him (see, Gellman v Gunn, 143 AD2d

628; *Matter of Kemp v Gunn,* 143 AD2d 915; *Phifer v Gunn, supra).* Any award of back pay shall be reduced by the amount of any unemployment insurance benefits he may have received during the period for which back pay is awarded (Civil Service Law § 75 [3]). Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.