■ In the Matter of CHRISTOPHER CASEY, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority Police Department, dated August 31, 1989, which, after a hearing, *inter alia,* found that the petitioner had wrongfully refused to submit to a fitness for duty test, and imposed the penalty of dismissal.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

We find that there was substantial evidence to support the Hearing Referee's determination, including the finding that the petitioner wrongfully refused to submit to a fitness for duty test after showing up for his February 5, 1989, tour of duty as a New York City Transit Police Officer apparently in an intoxicated state *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). The petitioner's contention that, in finding him guilty, the Referee relied on an improper inference that the petitioner may have been under the influence of drugs, is unsupported by the record. The controverted portion of the Referee's report was not a finding of fact, but merely the Referee's reasoning for rejecting the petitioner's argument, made at the hearing, that because "[e]veryone knew he was drunk", there was no necessity for him to submit to the test. The Referee properly concluded that the Department was entitled to have the petitioner submit to the test in order to ascertain the reason for his intoxicated state *(see, Matter of Barretto v City of New York,* 157 AD2d 116).

The sanction of dismissal, in light of the circumstances of this case, including the petitioner's disciplinary record, was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra; Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Barretto v City of New York, supra).* We must accord due deference to the respondents' determination of the appropriate penalty *(see, Matter of Berenhaus v*

*Ward,* 70 NY2d 436). Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.