■ In the Matter of STEVEN DiLAURIA, Petitioner, v POLICE COMMISSIONERS OF TOWN OF HARRISON, Respondent. [727 NYS2d 335] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Police Commissioners of the Town of Harrison dated March 29, 2000, which, after a hearing, found the petitioner guilty of charges of misconduct, and terminated his employment as a police officer of the Town of Harrison Police Department.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Chief David Hall directed the petitioner to report for duty to Lieutenant Michael Kamensky on December 3, 1999, at 9:00 A.M. Although the petitioner appeared outside of Lieutenant Kamensky's office on that day shortly after 9:00 A.M., he did not report for duty as directed. The petitioner was then informed by Lieutenant Kamensky that they were going to meet with Chief Hall. At the time, Lieutenant Kamensky did not know that the petitioner was assigned to him. At the meeting, the petitioner asked Chief Hall if he could have the day off. Chief Hall denied the request, advised Lieutenant Kamensky that the petitioner was assigned to him for duty, and issued an order directing the petitioner to report for a fit-for-duty examination at 2:00 P.M. The petitioner threw the order on Chief Hall's desk and stormed out of the meeting. Lieutenant Kamensky did not see the petitioner again on December 3, 1999, and he did not appear for the fit-for-duty examination. Thus, the finding that the petitioner disobeyed two lawful orders given to him by Chief Hall is supported by substantial evidence (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179).

The penalty of dismissal is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see, Matter of Casey v New York City Tr. Auth.,* 175 AD2d 128). This is especially so since the petitioner had previously been suspended for disobeying an order, and police departments are quasi-military organizations requiring strict discipline (*see, DiCairano v Gandolfo,* 201 AD2d 727; *Matter of Coyle v Rozzi,* 199 AD2d 391; *Matter of Keogh v Dolce,* 84 AD2d 579). Goldstein, J. P., Friedmann, Feuerstein and Crane, JJ., concur.