Steven DILAURIA, Plaintiff–Appellant,

v.

TOWN OF HARRISON, Village of Harrison, Harrison Police Department, Harrison Board of Police Commissioners, Ronald Bianchi, Pat Veter, Bruno Strati, Councilperson, Robert Palladino, Jimi Pritchard, David L. Hall and Peter DeVittorio, Defendants–Appellees.

No. 02–7208.

United States Court of Appeals, Second Circuit.

April 23, 2003.

Scott A. Korenbaum, New York, NY, for Appellant.

Steven J. Harfenist (Neil Torczyner), Friedman & Harfenist, Lake Success, NY, for Appellees, of counsel.

PRESENT: VAN GRAAFEILAND, CABRANES and F.I. PARKER, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of April, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Plaintiff appeals from a grant of summary judgment entered by the District Court on January 22, 2002, rejecting plaintiff's claims under the Americans With Disabilities Act ("ADA") and the New York Human Rights Laws. We affirm the District Court's grant of summary judgment with respect to plaintiff's ADA claims, but we vacate and remand the

Court's grant of summary judgment on plaintiff's state law claims and direct the District Court to dismiss those claims without prejudice.

## I. Facts

Plaintiff was a police officer in the Town of Harrison Police Department prior to his March 29, 2000 discharge under circumstances described more fully in the District Court opinion. *See DiLauria v. Town of Harrison,* 01 Civ. 9551(CLB) (S.D.N.Y. Jan. 22, 2001). Plaintiff was fired following a hearing at which the Police Commission of the Town/Village of Harrison determined that plaintiff had failed to obey a December 3, 1999 order to report to a Lieutenant Kamensky at a specific time, and failed to attend a fit-for-duty examination.

In May of 2000, plaintiff filed an Article 78 proceeding in New York Supreme Court, Westchester County, alleging (1) that the Police Commission's determinations were "against the substantial weight of the evidence, and were arbitrary, capricious, illegal, and invalid," (2) that the Commission denied his "rights to a fair and impartial hearing," and (3) that the punishment imposed was "harsh and excessive." Although plaintiff raised no specific claims for relief under the ADA or under the New York Human Rights Laws, his Article 78 petition made factual assertions that actions taken by defendants violated his rights under the ADA.[1] After rejecting a motion made by defendants to dismiss the petition and to strike certain pleadings, the Supreme Court transferred the case to the Appellate Division, Second Department, pursuant to Civil Practice Laws and Rules ("CPLR") § 7804(g). On June 2, 2001, the Appellate Division found that the Police Commission's determinations were "supported by substantial evidence," and that plaintiff's discharge was not unduly harsh. *See DiLauria v. Police Comm'rs of Town of Harrision,* 285 A.D.2d 464, 727 N.Y.S.2d 335 (2d Dep't 2001).

On October 30, 2001, plaintiff filed the instant proceeding in the District Court, alleging that defendants had discriminated against him on the basis of his substance-abuse disability in violation of the ADA and the New York Human Rights Laws. The District Court granted defendants' motion for summary judgment under Fed. R.Civ.P. 56, holding (1) that plaintiff's claims under the ADA were barred by the

---

**1.** Plaintiff's verified petition contained the following averments in a section entitled "Background":

> 14. Beginning in or about Spring, 1999, Petitioner was subjected to a campaign of harassment ... all in violation of the Americans with Disabilities Act which makes it unlawful to discriminate with respect to a disabled individual in connection with his employment....
>
> 15. The harassment included, but was not limited to [certain actions] all of which were the basis for recommendations ... that disciplinary action be taken against Petitioner; and all of which created a hostile work environment.
> ...
> 18. On or about June 9,1999, Petitioner was directed ... to report the following day

for medical examination, which Petitioner declined to attend because he viewed such as further unlawful discrimination based upon either or both his prior history of a drug related disability and/or Respondent's false perception that he was suffering from a drug dependency or drug abuse-related disability.

> 19. It is uncontroverted that Petitioner was not required to follow an order which was not lawful and that Petitioner, in the first instance, had the right to make the decision regarding lawfulness, pursuant to which right he determined that [the Police Chief's] order to undergo a medical examination violated the Americans with Disabilities Act.

Pl.'s Verified Pet. ¶¶ 14, 15, 18, 19 (citations omitted).

Rooker–Feldman doctrine and the doctrine of collateral estoppel and (2) that although plaintiff could proceed with a "mixed motive" claim under the New York Human Rights Law, plaintiff had not presented sufficient evidence to proceed with such a claim. Plaintiff appeals the judgment of the District Court.

## II. Discussion

### A. Plaintiff's ADA Claims

■ We agree with the District Court that plaintiff's ADA claims are barred by the Rooker–Feldman doctrine and the doctrine of collateral estoppel.

The Rooker–Feldman doctrine prohibits federal courts from determining claims that are "inextricably intertwined" with state court decisions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). We have held that although the scope of the Rooker–Feldman doctrine may be broader than the doctrine of collateral estoppel, the Rooker–Feldman doctrine is at the very least coextensive with the doctrine of collateral estoppel. See Moccio v. New York State Office of Court Administration, 95 F.3d 195, 199–200 (2d Cir.1996). In concluding that plaintiff's ADA claims are barred by the doctrine of collateral estoppel, we also determine that they are barred by the Rooker–Feldman doctrine.

Plaintiff's ADA claims are precluded under the doctrine of collateral estoppel because his complaint in the instant action seeks to relitigate issues that were fully and fairly decided during plaintiff's Article 78 proceeding in state court. In that proceeding, plaintiff asserted that the Police Commission's determinations were "against the substantial weight of the evidence, and were arbitrary, capricious, illegal, and invalid." Pl.'s Verified Pet. ¶ 37.

Plaintiff specifically presented to the state court a description of the discriminatory actions that he believed played a role the Police Commission's unlawful decision to terminate him. See note 1, ante.

The Appellate Division must be deemed to have rejected plaintiff's discrimination claims because, if the Appellate Division had in fact accepted plaintiff's claims and determined that defendants were motivated by discriminatory animus, the Appellate Division could not have described the Police Commission's determinations as "supported by substantial evidence," and could not have denied plaintiff's claim that the proceedings were "arbitrary and capricious." The only logical conclusion to be drawn from the Appellate Division's decision is that the Appellate Division considered and rejected plaintiff's claims. Thus, plaintiff's ADA claims are precluded both by the doctrine of collateral estoppel and the Rooker–Feldman doctrine.

■ It is conceivable that plaintiff could nonetheless bring a mixed-motive claim under the ADA by arguing that his disability, though not the sole but-for cause of his termination, was one motivating factor. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 336–37 (2d Cir.2000) (holding that "the mixed-motive analysis available in the Title VII context applies equally to cases brought under the ADA"). However, because the District Court did not consider a mixed-motive claim under the ADA, and because the plaintiff has not asserted on appeal that the District Court's failure to consider such a claim was error, we deem any possible mixed-motive claim under the ADA to have been abandoned. Accordingly, the District Court's grant of summary judgment on plaintiff's ADA claims was proper.

### B. Plaintiff's State–Law Claims

■ We reach a different conclusion, however, with respect to the District

Court's treatment of DiLauria's state law claims. We find that the District Court abused its discretion by exercising supplemental jurisdiction over DiLauria's state law claims after dismissing DiLauria's ADA claims. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir.2003) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims." (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988))).

Although DiLauria's state and federal claims were both based on the same allegations, the District Court dismissed DiLauria's ADA claims for lack of federal jurisdiction–the Court's Rooker–Feldman analysis thus did not bear on the viability of plaintiff's state law mixed-motive claim on the merits. In disposing of plaintiff's mixed motive claim, the District Court separately held that "plaintiff [had] not presented evidence sufficient to establish a genuine issue of material fact regarding Defendant[s'] motive." *See DiLauria*, No. 01 Civ. 9661, at 10. The District Court's dismissal of DiLauria's mixed-motive claim came at a very early stage of the proceedings, before the defendants filed an answer to the complaint and before DiLauria had the opportunity to conduct any discovery. Accordingly, the District Court's dismissal of plaintiff's state law claims was premature and based on an undeveloped factual record. Once the District Court dismissed Dilauria's ADA claims at such an early stage of the litigation, it should also have dismissed, without prejudice, the pendent state law claims for lack of jurisdiction. *See, e.g., Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir.2001) ("[T]he state-law claims should be dismissed so that state courts can, if so called upon, decide for themselves whatever questions of state law this case may present.").

\*　　\*　　\*　　\*　　\*　　\*

We have considered all of the plaintiff's arguments. For the reasons set forth above, so much of the District Court's judgment as dismissed DiLauria's ADA claims is hereby AFFIRMED, and so much of the judgment as dismissed DiLauria's state law claims is hereby VACATED AND REMANDED to the District Court, with instructions to the District Court to dismiss those claims without prejudice so that the plaintiff may, if he so desires, pursue them in state court.

The parties shall bear their own costs.