■ In the Matter of ALBERTO AMOROS et al., Petitioners, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [796 NYS2d 57]—

Determinations of respondent Health and Hospitals Corporation, dated November 8, 2002, terminating petitioners' employment as hospital police officers, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael D. Stallman, J.], entered March 12, 2004) dismissed, without costs.

Substantial evidence (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]), including videotapes from hidden security cameras, supports respondent's findings that petitioners engaged in misconduct that included absenting themselves from official duties, entering a locked office after business hours without authorization and searching a desk for documents, and making false memo book entries. Contrary to petitioners' contention, it need not be shown that the misconduct was intentional or willful (*see Matter of Brockman v Skidmore*, 39 NY2d 1045 [1976], *revg* 43 AD2d 572 [1973]; *Moorehead v New York City Tr. Auth.*, 190 AD2d 674, 675 [1993]). In any event, the circumstances lead to the strong inference that these experienced officers knew their conduct was wrongful. The penalties imposed, for planned and repeated conduct evincing a lack of integrity, do not shock our sense of fairness (*see Matter of Rodriguez-Rivera v Kelly*, 2 NY3d 776 [2004]). Concur— Andrias, J.P., Friedman, Marlow, Nardelli and Williams, JJ.