18-966-cv
*Roth v. County of Nassau*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand nineteen.

PRESENT:   JOSÉ A. CABRANES,
          ROSEMARY S. POOLER,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

CRAIG ROTH,

       *Plaintiff-Appellant,*                18-966-cv

       v.

COUNTY OF NASSAU,

       *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          MICHAEL CONFUSIONE, Hegge & Confusione, LLC, Mullica Hill, NJ.

1

**FOR DEFENDANT-APPELLEE:**        KATHARINE SMITH SANTOS (Joseph Covello, *on the brief*), Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY.

Appeal from a March 27, 2018 judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff Craig Roth ("Roth") appeals from the District Court's grant of summary judgment on the ground that Roth was collaterally estopped from asserting discrimination claims under the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo.*" *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, 906 F.3d 12, 17 (2d Cir. 2018). "The district court's judgment may be affirmed on any ground fairly supported by the record." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017) (internal quotation marks omitted). We also review a district court's application of the doctrine of collateral estoppel *de novo*, accepting all factual findings of the district court unless clearly erroneous. *Id.* Under New York law, collateral estoppel "may be invoked to preclude a party from raising an issue (1) identical to an issue already decided (2) in a previous proceeding in which that party had a full and fair opportunity to litigate." *Farrell v. Burke*, 449 F.3d 470, 482 (2d Cir. 2006) (internal quotation marks omitted). In addition, "the issue that was raised previously must be decisive of the present action." *Id.* at 482-83.

Roth challenges the District Court's conclusion that he was collaterally estopped from asserting discrimination claims that he raised in an Article 78 proceeding before the New York Supreme Court. Roth concedes that he is collaterally estopped from arguing that he could perform the "essential functions" of a police officer's job. He nevertheless contends that he is not collaterally estopped from arguing that he could perform the essential functions of the job "with or without reasonable accommodation." Roth claims that the state court's Article 78 order did not adequately address the issue of accommodation, and that he is not barred from demonstrating that he was able to perform the essential duties of the police officer job with or without such accommodation. *See Makinen v. City of New York*, 857 F.3d 491, 495 n.3 (2d Cir. 2017) ("[B]oth the NYSHRL and the ADA require a plaintiff to demonstrate as an element of [his] claim that [he] was able to perform the essential duties of [his] job with or without a reasonable accommodation.").

The District Court correctly concluded that Roth's ADA and NYSHRL claims are precluded under the doctrine of collateral estoppel. Roth's complaint in the instant action seeks to relitigate issues that were fully and fairly decided during his Article 78 proceeding in New York Supreme Court. Roth's Verified Petition before the New York Supreme Court specifically asserted that his disqualification violated Section 296(1)(a) of the NYSHRL and "may be actionable pursuant to the American's [*sic*] with Disabilities Act as that Act protects individuals from employment discrimination based upon an actual or perceived disability." App. 831 ¶¶ 50-52. Moreover, in both his memorandum and reply memorandum in support of the Verified Petition, Roth claimed to have "established a *prima facie* case of discrimination in that [the County] medically disqualified [him] due to his diabetes disability." *Id.* at 852, 887. Finally, the parties' briefs before the New York Supreme Court made clear that to demonstrate "disability" within the meaning of the NYSHRL, a plaintiff must show that he was able to perform the essential functions of the job with or without a reasonable accommodation. *See id.* at 852 (Roth quoting the NYSHRL definition of "disability" as being "limited to disabilities which, upon the provision of *reasonable accommodations*, do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held." (emphasis added) (quoting N.Y. EXEC. LAW § 292(21)); *see also id.* at 872 (County agreeing that "[u]nder the [NYS]HRL, an applicant must be able to perform the essential functions of the job *with or without a reasonable accommodation*." (emphasis added)).

The New York Supreme Court explicitly acknowledged Roth's discrimination argument, *id.* at 810, but nevertheless denied the Verified Petition "in its entirety," *id.* at 816. The gravamen of the County medical experts' medical conclusions was that there was a significant risk that Roth could become mentally or physically incapacitated during bursts of severe exertion, including in pursuing suspects, using force, and rescuing individuals. Given the particular nature of those functions, and Roth's conceded failure to request accommodations (or to suggest any in his briefing to the New York Supreme Court), we think that—absent a clear indication to the contrary—the New York Supreme Court reasonably concluded that there was "substantial evidence" to support a determination that it would have been impossible to provide any reasonable accommodation for those particular essential functions, *see, e.g., McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) ("[A] reasonable accommodation can never involve the elimination of an essential [job] function." (internal quotation marks omitted)), and so it conclusively decided that element of Roth's discrimination claims.[1] *Cf. Vargas v. City of New York*, 377 F.3d 200, 205, 207-08 (2d Cir. 2004)

---

[1] Notably, Roth's counsel conceded at oral argument that he did not seek to challenge that any of the County's purported essential functions were indeed essential. Thus, although what functions are "essential" under the ADA is normally an issue of fact, *see Stone v. City of Mount Vernon*, 118 F.3d 92, 96-100 (2d Cir. 1997)—and reasonable accommodations can only be determined based on what functions are essential, *see Gilbert v. Frank*, 949 F.2d 637, 641 (2d Cir. 1991)—we deem that argument waived.

(holding that the *Rooker-Feldman* doctrine—and by extension, issue preclusion—prevents re-litigation of an equal protection claim that a plaintiff previously raised in an Article 78 proceeding); *DiLauria v. Town of Harrison*, 64 F. App'x 267, 269-70 (2d Cir. 2003) (summary order) (granting summary judgment on plaintiff's ADA claims under the doctrine of collateral estoppel even where plaintiff "raised no specific claims for relief under the ADA" in his Article 78 petition, but "presented to the state court a description of the discriminatory actions that he believed played a role"). In sum, Roth's discrimination claims fail because he is precluded under the doctrine of collateral estoppel from arguing that he was able to perform the essential functions of a police officer with or without a reasonable accommodation.

## CONCLUSION

We have reviewed all of the arguments raised by Roth on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 27, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4