■ FRANCES CASAMASSINA et al., Respondents, v SUTTON ASSOCIATES, INC., Doing Business as BOULEVARD MANOR, Appellant.—In a negligence action to recover damages for personal injuries, etc., which was dismissed pursuant to CPLR 3404, defendant appeals (1) from an order of the Supreme Court, Queens County, dated January 8, 1976, which granted plaintiffs' motion to vacate the dismissal of the action and restore the action to the Trial Calendar and (2) as limited by its brief, from so much of a further order of the same court, dated March 8, 1976, as, upon reargument, adhered to the original determination. Appeal from the order dated January 8, 1976 dismissed as academic, without costs or disbursements. That order was superseded by the order made upon reargument. Order dated March 8, 1976 reversed insofar as appealed from, on the law, without costs or disbursements, and motion denied. It was an improvident exercise of discretion for Special Term to restore the action to the Trial Calendar. In our opinion, plaintiffs failed to make the requisite showing of facts sufficient to excuse their delay in prosecution and to establish a meritorious cause of action (see *Goldberg v Soifer*, 30 AD2d 533). Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.

■ GEORGE E. CASSIDY, Petitioner, v POLICE DEPARTMENT, COUNTY OF NASSAU, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Police Commissioner of the County of Nassau, dated June 6, 1975 and made after a hearing, which (1) found petitioner guilty of certain charges filed against him and (2) dismissed him from his position as police officer. Petition granted to the extent that the determination is modified, on the law, by adding thereto a provision that respondents are directed to pay petitioner his salary for the period beginning 30 days after the commencement of his suspension, and continuing until the date of his dismissal, less the amount of compensation which petitioner may have earned in any other employment or occupation and any unemployment benefits he may have received during such period. As so modified, determination confirmed and petition otherwise dismissed on the merits, without costs or disbursements. In our opinion, the determination is supported by substantial evidence. Nevertheless, the statute provides that a civil servant may not be suspended without pay for a period in excess of 30 days pending the hearing and determination of charges against him (Civil Service Law, § 75, subd 3). Even if the employee is found guilty and ultimately dismissed, he is entitled to receive full salary for any period of suspension in excess of 30 days, less the sums he has earned from other employment and any unemployment benefits he has received during the subject period (see *Matter of Yeampierre v Gutman*, 52 AD2d 608; *Matter of Lytle v Christian*, 47 AD2d 824; *Matter of Maurer v Cappelli*, 42 AD2d 758). Since we have no evidence that petitioner caused the delay or contributed thereto, his recovery may not be defeated on that ground (cf. *Matter of Brockman v Dordelman*, 48 AD2d 670; *Matter of Amkraut v Hults*, 21 AD2d 260, 263, affd 15 NY2d 627). Petitioner's remaining contentions have been considered and have been found to be lacking in merit. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.