■ In the Matter of THOMAS CHOPAY, Appellant, v TOWN OF OYSTER BAY et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of respondent Commissioner of the Department of Public Works of the Town of Oyster Bay dismissing petitioner from his position as incinerator plant attendant, petitioner appeals (by permission) from so much of an interlocutory judgment of the Supreme Court, Nassau County (Velsor, J.), dated November 18, 1983, as failed to reinstate petitioner to his position and to grant back pay. Interlocutory judgment modified, by adding a provision that pending a new hearing and determination by respondents, they are directed to pay to petitioner the salary he would have earned for the period beginning 30 days after his suspension, less any compensation he derived in that period from other employment, unemployment benefits, or disability or workers' compensation benefits. As so modified, interlocutory judgment affirmed, insofar as appealed from, without costs or disbursements. Subdivision 3 of section 75 of the Civil Service Law permits suspension of an employee without pay for a period not exceeding 30 days "[p]ending the hearing and determination of charges of incompetency or misconduct". This limited period is based on the assumption that there will be a prompt and valid disciplinary determination (see *Sinicropi v Bennett,* 92 AD2d 309, 317, affd 60 NY2d 918). Here Special Term correctly determined that respondents must conduct a new hearing because the termination of petitioner's employment was based on the improper consideration of irrelevant matter. Under the circumstances petitioner is entitled to his salary for the period beginning 30 days after his suspension until the date of the new determination (see *Sinicropi v Bennett, supra; Matter of Amkraut v Hults,* 21 AD2d 260, affd 15 NY2d 627). Although we are thus directing the payment of back pay, we perceive no reason to order petitioner's reinstatement at this point. Petitioner is adequately protected by receipt of pay until a decision is rendered after a new hearing. O'Connor, J. P., Weinstein, Niehoff and Boyers, JJ., concur.