■ In the Matter of VINCENT VALERIO, Respondent, v DANIEL T. SCANNELL, as Acting President of New York City Transit Authority, Appellant. — In a proceeding pursuant to CPLR article 78 to compel appellant to remit to petitioner all of his back pay for the period of suspension in excess of 30 days pursuant to subdivision 3 of section 75 of the Civil Service Law, the appeal is from a judgment of the Supreme Court, Kings County (Pino, J.), dated January 24, 1984, which granted the petition.

Judgment reversed, on the law and the facts, with costs, and proceeding dismissed on the merits.

On October 22, 1983, petitioner, an officer with the New York City Transit Authority Police Department, was suspended from duty without pay. On November 22, 1983, he was served with a written specification of charges which included, *inter alia,* two counts of insubordination. A disciplinary hearing was noticed for December 8, 1983.

Petitioner's attorney, in two telephone conversations with appellant's counsel, sought an adjournment to January 12, 1984. These telephone conversations were followed by a letter memorializing this request.

On December 8, 1983, counsel for both parties appeared before Daniel Gutman, the hearing referee, and petitioner's counsel requested and was granted an adjournment until January 19, 1984.

On or about December 16, 1983 petitioner moved, by order to show cause, for a judgment directing appellant to pay him his full salary for the period in excess of the 30 days following his suspension. A judgment was entered directing appellant to remit such payment to petitioner.

Although the petitioner is entitled under subdivision 3 of section 75 of the Civil Service Law to back pay for the period in excess of the initial 30 days after his suspension (see *Cassidy v Police Dept.,* 54 AD2d 682), he may only recover wages to the extent that any delay beyond the 30-day period is not attributable to him (see *Matter of Yeampierre v Gutman,* 52 AD2d 608; *Kearse v Fisher,* 67 AD2d 963). After reviewing the record, it is clear that the petitioner occasioned the delay in the holding of the disciplinary proceeding. It is petitioner who actively sought the adjournments, first to January 12, then to January 19. He therefore should not be recompensed for the delay which he caused (see *Matter of Brockman v Dordelman,* 48 AD2d 670).

The allegations raised by petitioner in an attempt to shift the responsibility for the delay on appellant have been considered and are found to be lacking in merit.

We note that, prior to the determination of Special Term, appellant remitted to petitioner back pay for the period following the first 30 days after his suspension, up to the date of the originally scheduled hearing (i.e., Nov. 21 through Dec. 7, 1983). This payment clearly reflects a good-faith compliance with the provisions of subdivision 3 of section 75 of the Civil Service Law.

Accordingly, the judgment is reversed and the proceeding dismissed on the merits. Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.