■ In the Matter of THOMAS McGURN, Petitioner, v ANTHONY MOSCA, as Commissioner of the Westchester County Department of Public Safety, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents Westchester County Department of Public Safety and the Westchester County Police Board dated June 9, 1987, which, after a hearing (1) found the petitioner guilty of certain charges filed against him, and (2) demoted him from his position of detective to that of police officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Based upon our review of the record as a whole, we find that the factual findings made by the Hearing Officer, who saw and heard the witnesses and assessed their credibility, were based upon substantial evidence *(see,* CPLR 7803 [4]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Sedita v Kissinger,* 66 AD2d 357, 361). The penalty of demotion is not so disproportionate to the offense as to be shocking in light of the seriousness of the charges, the paramilitary nature of the Police Department, and the need for police discipline *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 445; *cf., Eckert v City of Newburgh,* 114 AD2d 398, 399). The petitioner's 30-day suspension without pay pending a hearing is a penalty independent of that imposed at the posthearing stage *(see,* Civil Service Law § 75 [3]; *see also, Matter of Rider v Board of Trustees,* 78 AD2d 856, 857; *Cassidy v Police Dept.,* 54 AD2d 682).

We have considered the petitioner's other contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.