■ In the Matter of THOMAS BRIGGS, Petitioner, v FRED W. SCORALICK, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Fred W. Scoralick, Sheriff of Dutchess County, dated August 7, 1986, which, after a hearing, dismissed the petitioner from his position as a correction officer.

Adjudged that the petition is granted to the extent that the matter is remitted to the respondent for computation of the amount of back pay owed to the petitioner in accordance herewith, and in all other respects the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Our review of the record convinces us that there was substantial evidence to support the findings of the Hearing Officer (see, Matter of Pell v Board of Educ., 34 NY2d 222, 230;

*Matter of Fitzpatrick v Board of Educ.,* 96 AD2d 557). Nor can we say that the penalty of dismissal is so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ., supra; Matter of De Bois v Rozzi,* 114 AD2d 848). However, for the reasons which follow, we conclude that the petitioner is entitled to recover back pay for part of the period during which he was suspended.

In the notice and statement of charges dated March 17, 1986 the petitioner was informed that pending a determination on the charges against him, he was suspended without pay. Civil Service Law § 75 (3) provides that a civil servant may not be suspended without pay for a period in excess of 30 days pending the hearing and determination of the charges lodged against him. In a letter dated April 11, 1986, the respondent advised the petitioner that his suspension pursuant to Civil Service Law § 75 terminated effective April 11. The respondent now alleges that the purpose of terminating the petitioner's suspension was to place him on an extended leave of absence pursuant to Civil Service Law § 72. While there is some evidence in the record that this was in fact the purpose the respondent had in mind, the record is devoid of any proof that the respondent complied with the procedural requirements of Civil Service Law § 72. That section authorizes the placement of an employee on a leave of absence where it is determined that an employee is unable to perform his or her duties by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the Workers' Compensation Law. However, before an employee may be placed on a leave of absence, he or she is entitled to written notice containing the reasons for the proposed leave, the date on which such leave is to commence, as well as his or her rights under the procedure *(see,* Civil Service Law § 72 [1]). No such notice was ever provided to the petitioner herein. Due to the respondent's failure to comply with the notice requirements of the statute, petitioner's purported placement on a leave of absence is a nullity. Notwithstanding the respondent's letter advising the petitioner that his suspension was terminated as of April 11, we find that the petitioner was, in effect, suspended without pay from March 17, 1986 until August 7, 1986, when the respondent adopted the findings and recommendation of the Hearing Officer and dismissed the petitioner.

Although the petitioner was found guilty of misconduct and dismissed, he is entitled under Civil Service Law § 75 (3) "to back pay for the period in excess of the initial 30 days after

his suspension", less the sums he has earned from other employment and any unemployment benefits he has received during the period in question (*Matter of Valerio v Scannell,* 105 AD2d 791, 792; *Matter of Horton v Kammerer,* 84 AD2d 841; *Cassidy v Police Dept.,* 54 AD2d 682). However, the petitioner may not recover wages to the extent that any delay beyond the statutory 30-day period is attributable to him (*see, Matter of Valerio v Scannell, supra; Matter of Yeampierre v Gutman,* 52 AD2d 608). A review of the record discloses that the petitioner delayed the disposition of the disciplinary hearing from June 4, 1986—the date his counsel requested the Hearing Officer to postpone the preparation of his report due to the petitioner's intention to submit his resignation—until July 30, 1986, the date counsel advised the respondent that the petitioner would not resign and requested the completion of the Hearing Officer's report. Accordingly, we conclude that petitioner is entitled to back pay from April 16, 1986 through June 3, 1986, and from July 31, 1986 through August 7, 1986, less the sums he has earned from other employment and any unemployment benefits he has received during the aforenoted time periods.

The additional contentions raised by the petitioner have been considered and have been found to be without merit. Mollen, J. P., Thompson, Rubin and Eiber, JJ., concur.