■ BARBARA WINKLER, Respondent, v KINGSTON HOUSING AUTHORITY, Appellant, et al., Defendant. [656 NYS2d 421] —Spain, J. Appeal from that part of an order of the Supreme Court (Torraca, J.), entered August 13, 1996 in Ulster County, which granted plaintiff's motion for a preliminary injunction.

Plaintiff was hired by defendant Kingston Housing Authority (hereinafter defendant) to work as an account clerk/typist in November 1993. In May 1995 plaintiff was notified that disciplinary proceedings were being instituted against her by defendant. Four misconduct charges were made against plaintiff and she was suspended, without pay, for a period not to exceed 30 days. In a letter dated May 17, 1995, plaintiff denied each charge and demanded a hearing pursuant to Civil Service Law § 75. A hearing was convened on June 8, 1995. During a break in the hearing the parties met in an attempt to reach a settlement of this matter. The parties sharply contest whether a settlement was ever reached. Defendant maintains

that a verbal agreement was reached at that meeting on which both parties relied and plaintiff challenges that contention. The record is devoid of any document formalizing a settlement between the parties.

Plaintiff brought this action on January 5, 1996 seeking as monetary damages the compensation she alleged had been wrongfully denied her the day on which her 30-day suspension was scheduled to end. Plaintiff sought both summary judgment and a preliminary injunction enjoining her continued suspension by defendant. Supreme Court found that the conflicting proof with respect to the purported settlement warranted denial of the summary judgment motion; however, Supreme Court issued the requested preliminary injunction. Defendant appeals the latter determination.

A preliminary injunction should be granted only when the movant has shown a likelihood of ultimate success on the merits, an irreparable and imminent injury if the injunction is withheld, and that a balancing of the equities favors the movant (*see, Doe v Axelrod,* 73 NY2d 748, 750; *Vanderminden v Vanderminden,* 226 AD2d 1037, 1040-1041). In our view plaintiff failed to satisfy any of the elements of this test; therefore, we reverse that part of Supreme Court's order which granted the injunctive relief.

Supreme Court found that the proof offered on the summary judgment motion was "sufficiently contradictory" to require a trial. In particular, Supreme Court referred to the settlement issue as one that must be decided at trial; the court's decision to grant the preliminary injunction is inconsistent with that finding. If a fact finder ultimately concludes that plaintiff did resign as part of a settlement agreement, she would not be entitled to any back pay. " 'If key facts are in dispute, the relief will be denied' " (*Scotto v Mei,* 219 AD2d 181, 182, quoting *Faberge Intl. v Di Pino,* 109 AD2d 235, 240 [citation omitted]). In this case the resolution of the settlement question may be a determinative factor; with that issue so heavily contested, plaintiff has not shown a clear likelihood of success on her underlying claim.

Plaintiff has also failed to show any irreparable injury that will befall her without the protection of an injunction. Her claim seeks only monetary damages. Even if she ultimately prevails on the merits, those damages can be readily computed and she will be fully compensated. It is for that reason that monetary damages simply are not irreparable and are an insufficient harm to support the issuing of an injunction (*see, Mc-Call v State of New York,* 215 AD2d 1, 5; *Busters Cleaning Corp. v Frati,* 180 AD2d 705, 706).

Finally, plaintiff has failed to show that the balance of equities favors her; if this case eventually ends favorably for plaintiff, she can, as already outlined, be fully compensated for her loss. However, if defendant is forced to pay plaintiff's salary pending the outcome of this matter and it ultimately prevails, it is much less certain that defendant will be able to recoup those payments. Plaintiff has articulated no severe consequence that would result if the injunction were to be lifted and under these circumstances the most appropriate course would be to leave the parties in the same position they were in prior to the injunction pending the outcome of this case.

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for a preliminary injunction; motion denied to that extent; and, as so modified, affirmed.