■ Harbour View Racquet Club, Inc., Respondent, v Village of Mamaroneck et al., Appellants. [731 NYS2d 71] —In an action, *inter alia,* for a judgment declaring that the defendant Village of Mamaroneck is prohibited from entering into a licensing agreement with any entity other than the plaintiff, the defendants separately appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated June 15, 2000, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Since 1978, the plaintiff has operated an indoor tennis facility on public parkland owned by the defendant Village of Mamaroneck (hereinafter the Village). Pursuant to a licensing agreement between the parties, which was to remain in effect for eight years, the plaintiff had "the right to extend the license period for two additional years, with the right of first refusal on the bidding thereafter." The license was extended in 1986, and on June 16, 1999, in a letter agreement renewing the license for a period of one year, the Village agreed to "honor Licensee's right of first refusal."

In 1999 the Village announced its intention to seek an opera-

tor for a new, expanded tennis and recreational facility on the parkland, to include the continued operation of the indoor tennis facility, and invited interested entities to submit proposals. The "Request for Proposals" issued by the Village acknowledged the plaintiff's right of first refusal in relation to the operation of the indoor tennis facility, and stated that the Village intended to honor that right. The defendant Island Tennis, L.P., d/b/a Sportime (hereinafter Sportime), submitted a proposal. The Village submitted Sportime's proposal to the plaintiff, and indicated that it intended to enter into an agreement with Sportime, unless the plaintiff could match the terms of Sportime's proposal. The plaintiff responded by stating that it was exercising its right of first refusal to continue operation of the indoor tennis facility, while asserting that certain requirements in the proposed license were inapplicable to it. The plaintiff commenced this action, *inter alia*, seeking an injunction prohibiting the Village from entering into an agreement with any entity other than it for the operation of the tennis facility. The plaintiff was initially granted a temporary restraining order, and thereafter, in the order appealed from, a preliminary injunction.

We reverse, and deny the plaintiff's motion for a preliminary injunction, because the plaintiff has failed to establish its entitlement to such relief. Specifically, the plaintiff failed to demonstrate that it is likely to succeed on the merits. The provision of the license agreement giving the plaintiff a right of first refusal does not indicate the terms, duration, price, or any other conditions for its exercise. Furthermore, the right of first refusal, as interpreted by the plaintiff, imposes an unreasonable restraint on the alienability of public parkland (*see, Miller v City of New York,* 15 NY2d 34). "Injunctive relief is inappropriate when sought upon contractual language that leaves the rights of the parties open to doubt and uncertainty" (*Sports-Channel Am. Assocs. v National Hockey League,* 186 AD2d 417, 418).

Moreover, the plaintiff failed to establish that its prospective damages are incapable of calculation (*see, Ashland Mgt. v Janien,* 82 NY2d 395, 405-406), and that the balance of the equities is in its favor (*see, Winkler v Kingston Hous. Auth.,* 238 AD2d 711). Ritter, J. P., Friedmann, Luciano and Smith, JJ., concur.