■ In the Matter of RANDY M. BUTLER, Petitioner, v COUNTY OF DUTCHESS et al., Respondents. [770 NYS2d 648]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated April 1, 2002, which, after a

hearing, terminated the petitioner's employment as a correction officer.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the matter is remitted to the respondents for computation of the amount of back pay owed to the petitioner in accordance herewith, and the determination is otherwise confirmed and the proceeding is otherwise dismissed on the merits.

Contrary to the petitioner's argument, the hearing officer's findings are supported by substantial evidence (*see generally Matter of Briggs v Scoralick,* 147 AD2d 694 [1989]). Moreover, the penalty of dismissal was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of McQueeney v Dutchess County Sheriff,* 223 AD2d 710 [1996]; *Matter of Briggs v Scoralick, supra*). However, the petitioner correctly contends that he was entitled to back pay for the period he was suspended without pay in excess of 30 days, excluding any delay occasioned by him, and less any money received by him during that period, as provided in Civil Service Law § 75 (3) (*see generally Matter of Moorehead v New York City Tr. Auth.,* 190 AD2d 674, 675 [1993]; *Matter of Briggs v Scoralick, supra*). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.