■ In the Matter of PAUL RUGGIERO, Petitioner, v JEAN-ANN MCGRANE et al., Respondents. [882 NYS2d 661]—Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the City Manager of the City of Newburgh dated October 9, 2007, which, after a hearing, sustained certain charges of misconduct and dismissed the petitioner from his employment.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the matter is remitted to the respondents to compute the amount of back pay, if any, owed to the petitioner in accordance herewith, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.

Contrary to the petitioner's contention, the determination of the City Manager of the City of Newburgh was supported by substantial evidence in the record (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). The penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Rutkunas v Stout*, 8 NY3d 897, 899 [2007]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Nevertheless, the petitioner correctly contends that he is entitled to back pay for the period he was suspended without pay in excess of 30 days, excluding any delay occasioned by him, as provided in Civil Service Law § 75 (3) (*see Matter of Butler v County of Dutchess*, 3 AD3d 563 [2004]; *Matter of Moorehead v New York City Tr. Auth.*, 190 AD2d 674, 675 [1993]). Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.