■ ELIZABETH MILLER NABORS, Appellant, v TOWN OF SOMERS et al., Respondents. [900 NYS2d 92]—

In a hybrid action, inter alia, to recover damages for alleged termination of insurance coverage and proceeding pursuant to CPLR article 78 to review a determination of the Town of Somers dated May 11, 2007, which adopted the recommendations of a hearing officer dated January 4, 2007, made after a hearing, finding the plaintiff/petitioner guilty of two charges of misconduct and one charge of incompetence, and terminated her employment, the plaintiff/petitioner appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated March 20, 2009, which, upon the granting of the application of the Town of Somers to convert the action insofar as asserted against it into a proceeding pursuant to CPLR article 78, among other things, denied her motion, in effect, for summary judgment on the second cause of action asserted against the defendant/respondent Town of Somers to recover back pay, granted the cross motion of the defendant/respondent Selective Insurance Co. pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action asserted against it, granted the separate cross motion of the defendant/respondent Town of Somers for summary judgment dismissing the first and second causes of action asserted against it, in effect, severed the proceeding, and transferred the proceeding to the Appellate Division, Second Department.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff/petitioner's motion, in effect, for summary judgment on the second cause of action to recover back pay and substituting therefor a provision denying the motion as unnecessary, and (2) by deleting the provision thereof granting the cross motion of the defendant/respondent Town of Somers for summary judgment dismissing the first and second causes of action asserted against it and substituting therefor a provision denying that cross motion as unnecessary; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Adjudged that the petition is granted to the extent of awarding the plaintiff/petitioner back pay, the petition is otherwise

denied, the proceeding is otherwise dismissed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the portion of the delay in making the determination dated May 11, 2007, that is attributable to the Town of Somers and a determination thereafter of the amount of back pay to be awarded to the plaintiff/petitioner in accordance herewith.

In January 2003 the plaintiff/petitioner Elizabeth Miller Nabors began working part time for the defendant/respondent Town of Somers. Although Nabors worked approximately 10 hours per week during the course of her part-time employment with the Town, Nabors submitted claims to the Unemployment Insurance Division of the New York State Department of Labor (hereinafter the UID) in which she stated that she had not worked any days during that period. After her position became full time, Nabors received notice from the UID that she had received benefits to which she was not entitled. The UID made an initial determination that Nabors willfully misrepresented her eligibility for unemployment benefits, and imposed a penalty upon Nabors. Thereafter, Nabors requested a hearing before the Unemployment Insurance Appeal Board. After the hearing, an administrative law judge (hereinafter the ALJ) sustained the initial determination. The Town then commenced a disciplinary action charging Nabors with two counts of misconduct, alleging that she made false representations to the UID and to the ALJ, and one charge of incompetence, alleging that Nabors made false and willful misrepresentations that excluded her from coverage under the Town's insurance policy. The Town placed Nabors on unpaid suspension effective February 10, 2006, "for the period allowed by Civil Service Law § 75 (3)," and scheduled a hearing for March 3, 2006.

In a letter dated February 28, 2006, Nabors's newly retained counsel requested an adjournment of the hearing originally scheduled for March 3, 2006, until sometime after March 9, 2006. In so doing, Nabors's attorney acknowledged that her "client is currently on an unpaid suspension pending the decision of the aforementioned hearing and agree that such condition will continue until a hearing is conducted and the matter resolved." The Town consented to the adjournment, and the parties' respective counsel thereafter agreed that the hearing would be adjourned until March 20, 2006. In a letter dated March 16, 2006, the hearing officer advised the parties that the hearing was adjourned from March 20th to April 21, 2006. By letter dated April 13, 2006, the Town's attorney requested an adjournment of the hearing, and the hearing officer granted the

request by rescheduling the hearing for May 18, 2006. By letter dated May 25, 2006, the hearing officer again adjourned the hearing, this time until July 5, 2006. The hearing was conducted on July 5, 2006, and July 28, 2006, respectively. Thereafter, in a decision and order dated January 4, 2007, the hearing officer found that Nabors was guilty of all three charges. In a resolution dated May 11, 2007, approximately 15 months after Nabors's suspension from employment began, the Town adopted the recommendations of the hearing officer, and terminated Nabors's employment.

Nabors commenced this action and proceeding against, among others, the Town and Selective Insurance Co. (hereinafter Selective). As against the Town, Nabors asserted a cause of action alleging wrongful discharge and, pursuant to Civil Service Law § 75 (3), to recover back pay for the period of the suspension exceeding 30 days. As against Selective, Nabors asserted a cause of action alleging wrongful cancellation of insurance coverage.

The Supreme Court, inter alia, granted the Town's application to convert the action insofar as asserted against it into a CPLR article 78 proceeding, and to transfer the proceeding to this Court (see CPLR 7804 [g]). On a prior appeal to this Court, although the conversion of the proceeding was affirmed, this Court determined that "the transfer of the converted proceeding . . . was premature," and found that the record was insufficient to decide whether the Town's determination was supported by substantial evidence (Nabors v Town of Somers, 54 AD3d 833, 834 [2008]).

Thereafter, Nabors moved, in effect, for summary judgment on the second cause of action to recover back pay for the period of her suspension in excess of 30 days, as provided by Civil Service Law § 75 (3). The Town cross-moved for summary judgment dismissing the first and second causes of action asserted against it, contending that Nabors, through her former counsel's letter of February 28, 2006, had waived her right to be paid during the interim suspension pending the hearing and determination of the charges against her. In addition, the Town asserted that the determination to terminate Nabors's employment was supported by substantial evidence and was not so severe a penalty as to shock the conscience. Selective also cross-moved to dismiss the third cause of action asserted against it for failure to state a cause of action. In an order dated March 20, 2009, the Supreme Court denied Nabors's motion, concluding that she waived her right to be paid during her suspension. The Supreme Court granted Selective's cross motion to dismiss the third cause of action asserted against it, granted the Town's separate cross

motion for summary judgment dismissing the first and second causes of action asserted against it, in effect, severed the proceeding, and transferred the proceeding to this Court. The plaintiff challenges the determinations of the Supreme Court.

"CPLR article 78 proceedings are summary in nature and, thus, a motion for summary judgment addressed to the merits of the petition is unnecessary" (*Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d 1004, 1006 [2009] [citations omitted]). As such, Nabors's motion, in effect, for summary judgment to recover back pay, and the Town's cross motion for summary judgment dismissing the first and second causes of action, should have been denied as unnecessary.

Moreover, contrary to the Supreme Court's conclusion, Nabors did not waive her right to be paid during her suspension. Civil Service Law § 75 (3) provides that "[p]ending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding thirty days" (*see Matter of Chopay v Town of Oyster Bay*, 99 AD2d 810 [1984]). As long as the delay in disposing the charges is not "occasioned by the employee's fault," an employee suspended for a period in excess of 30 days may recover back pay for the excess period even if he or she is eventually found guilty of the charges (*Gerber v New York City Hous. Auth.*, 42 NY2d 162, 165 [1977]; *see Matter of Amkraut v Hults*, 21 AD2d 260 [1964], *affd* 15 NY2d 627 [1964]; *Matter of Ruggiero v McGrane*, 64 AD3d 783 [2009]; *Sinicropi v Bennett*, 92 AD2d 309 [1983], *affd* 60 NY2d 918 [1983]).

The statute evinces the Legislature's "intention that hearings on charges should not be unreasonably protracted, but should be disposed of expeditiously" (*Matter of Amkraut v Hults*, 21 AD2d at 263; *see Matter of Chopay v Town of Oyster Bay*, 99 AD2d 810 [1984]). The right to back pay is justified and protected on the ground that, "[as] a practical matter one accused frequently has all income cut off during a period of suspension—not merely the income from the job vacated[. He or she] is reluctant to seek other employment especially if he [or she] has acquired some form of tenure or substantial pension rights in the job from which he [or she] is suspended" (*Gerber v New York City Hous. Auth.*, 42 NY2d at 165 [internal quotation marks omitted]; *see Matter of Amkraut v Hults*, 21 AD2d at 263).

Although the right to back pay may be waived (*see Gerber v New York City Hous. Auth.*, 42 NY2d 162 [1977]), when

considering whether a voluntary waiver of rights has occurred, the focus is "upon the existence of a bona fide agreement by which the employee received a desired benefit in return for the waiver, the complete absence of duress, coercion or bad faith and the open and knowing nature of the waiver's execution" (*Matter of American Broadcasting Cos. v Roberts*, 61 NY2d 244, 249-250 [1984]; *see Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1, Hempstead*, 76 AD2d 837 [1980], *affd* 55 NY2d 648 [1981]; *Whitehead v State of N.Y., Dept. of Mental Hygiene*, 71 AD2d 653 [1979], *affd* 51 NY2d 781 [1980]). Voluntary waivers are permitted where they are made as a "quid pro quo for countervailing benefits" (*Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 455 [1979], *cert denied* 444 US 845 [1979]).

Here, Nabors sought a brief adjournment of the original hearing date. Notwithstanding the acknowledgment by Nabors's counsel that Nabors was suspended without pay pending the hearing and resolution of the matter, and despite the absence of any coercion, the Town may not be permitted to use that acknowledgment alone as the basis for delaying the hearing for an indefinite period without paying Nabors. Nabors did not openly and knowingly agree to waive all rights to back pay or to a timely resolution. Under the circumstances of this case, where there was a delay of approximately 10 months from the close of the hearing and 15 months from the initial suspension of Nabors's employment before the final determination, and where several adjournments were not necessarily attributable to Nabors, it would contravene the legislative purpose of the statute to hold that Nabors knowingly agreed to waive all rights to back pay (*see Matter of American Broadcasting Cos. v Roberts*, 61 NY2d 244 [1984]). Accordingly, Nabors is entitled to back pay, and the matter must be remitted to the Supreme Court, Westchester County, for a hearing to determine the portion of the delay for which the Town bears responsibility (*see Matter of Amkraut v Hults*, 21 AD2d at 263; *Sinicropi v Bennett*, 92 AD2d at 312), and thereafter for an award to Nabors of the back pay to which she is entitled.

The Town's determination confirming the recommendation of the hearing officer that Nabors was guilty of misconduct and incompetence was supported by substantial evidence at the hearing (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Rooney v Deer Park Fire Dept.*, 36 AD3d 823 [2007]). Further, in light of the charges

and Nabors's employment duties, the penalty imposed was not so severe as to be "shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 233 [internal quotation marks omitted]).

The Supreme Court properly granted Selective's cross motion to dismiss the third cause of action asserted against it, as Nabors is not in privity with Selective and cannot establish entitlement to insurance coverage as a third-party beneficiary of the insurance policy Selective issued to the Town (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 435 [2000]). Further, the issue of whether Selective had an obligation to adhere to the Civil Service Law was raised for the first time on appeal and, therefore, is not properly before this Court (*see generally Murray v Palmer*, 229 AD2d 377 [1996]). Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.