■ In the Matter of Nova Harris, Petitioner, v Michael D. Israel, as President and CEO of the Westchester County Health Care Corporation, Respondent. [943 NYS2d 901]—

Proceeding pursuant to CPLR article 78 to review a determination of Westchester County Health Care Corporation dated July 21, 2010, which adopted the recommendation of a hearing officer, made after a hearing pursuant to Civil Service Law § 75, finding the petitioner guilty of certain charges of misconduct and insubordination, and terminated her employment as a certified nursing assistant.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the matter is remitted to Westchester County Health Care Corporation to compute the amount of back pay owed to the petitioner in accordance herewith, the determination is otherwise confirmed, the petition is otherwise denied, and the proceeding is otherwise dismissed on the merits.

Contrary to the petitioner's contention, the determination of Westchester County Health Care Corporation finding the petitioner guilty of certain charges of misconduct and insubordination was supported by substantial evidence in the record (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of Paul v Israel*, 90 AD3d 666 [2011]; *Matter of Ruggiero v McGrane*, 64 AD3d 783 [2009]). Further, the petitioner's contention that she was denied a fair hearing due to the alleged bias of the hearing officer is without merit. There is no evidence in the record to support her contention that the hearing officer was biased (*Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834 [1989]; see *Matter of Byrnes v Mahon*, 72 AD3d 1079, 1079-1080 [2010]). Moreover, the penalty imposed is not so disproportionate to the offenses committed by the petitioner as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (see *Matter of Rutkunas v Stout*, 8 NY3d 897, 898-899 [2007]; *Matter of Kelly v Safir*, 96 NY2d 32, 38-39 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Jenkins v Israel*, 83 AD3d 1068 [2011]).

Nevertheless, the petitioner correctly contends that she is entitled to back pay for the period she was suspended without pay in excess of 30 days, excluding delay, if any, occasioned by her, and less unemployment insurance benefits received for that

period, if any (see Civil Service Law § 75 [3]; *Matter of Prioleau v Murphy*, 69 AD3d 943, 944 [2010]; *Matter of Ruggiero v Mc-Grane*, 64 AD3d 783 [2009]; *Matter of Butler v County of Dutchess*, 3 AD3d 563, 564 [2004]; *Matter of Moorehead v New York City Tr. Auth.*, 190 AD2d 674, 675 [1993]).

Accordingly, the matter must be remitted to Westchester County Health Care Corporation for a determination of back pay owed to the petitioner, including the latest date she would be entitled to back pay. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.