Lahtinen, J.E
Appeal from a judgment of the Supreme Court (Zwack, J.), entered December 5, 2012 in Ulster County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
In January 2012, petitioner was promoted from Assistant Fire Chief to Fire Chief of the City of Kingston Fire Department. Less than three weeks later, on February 9, 2012, respondent Shayne R. Gallo, Mayor of respondent City of Kingston, notified petitioner that his appointment to Fire Chief was rescinded and that he was suspended without pay pending disciplinary charges. Disciplinary charges were not served[1] and, on May 24, 2012, petitioner commenced a CPLR article 78 proceeding seeking to compel respondents to either reinstate him to his prior position as Assistant Fire Chief (to which he claimed retreat rights) retroactively as of February 9, 2012 or, alternatively, to bring disciplinary charges. The May 2012 proceeding was resolved on the parties’ consent as set forth in a Supreme Court (Elliott, III, J.) order of August 3, 2012 directing that disciplinary charges be served by August 22, 2012.
On August 22, 2012, respondents served disciplinary charges against petitioner under Civil Service Law § 75 alleging various misconduct occurring between early 2006 and February 2012, including, among other things, that he had on numerous occasions received payment from one governmental entity (the State as a Fire Safety Instructor) for work reportedly done on the same dates that he also received payment for working for another governmental entity (the City as Assistant Fire Chief). On August 31, 2012, petitioner commenced this proceeding seeking, among other things, pay and benefits retroactive to March 10, 2012 (i.e., 30 days after he had been suspended) pending the outcome of the hearing, and also dismissal of all charges alleged to have occurred more than 18 months prior to the disciplinary matter. Supreme Court (Zwack, J.) determined that petitioner’s proceeding had accrued 30 days after he was suspended in February 2012 and that the statute of limitations had expired four months later in July 2012. The court thus dismissed the petition as time-barred. Petitioner appeals.
The August 2012 petition is not time-barred and, further, it is not foreclosed by res judicata as alternatively urged by respondents. As a general principle, challenges to various *1229 aspects of the disciplinary process must be commenced within four months of the relevant determination (see CPLR 217 [1]; Matter of De Milio v Borghard, 55 NY2d 216, 219 [1982]; Matter of Dorsey v Coleman, 40 AD3d 1187, 1188 [2007]; Matter of Rakiecki v State Univ. of N.Y., 31 AD3d 1015, 1015-1016 [2006]). It is undisputed that petitioner is a public employee entitled to a hearing prior to discharge. Since disciplinary charges had not been filed and a hearing had not been conducted after petitioner’s indefinite suspension on February 9, 2012, the May 2012 petition was brought demanding that he either be reinstated with back pay to his prior position (i.e., allowed to return to the job with pay since February 9, 2012) or that charges be filed so that the disciplinary matter could proceed. The May 2012 proceeding served to timely preserve his right to be reinstated if the disciplinary matter did not proceed expeditiously (see Matter of Dorsey v Coleman, 40 AD3d at 1188).
As a result of the May 2012 proceeding, disciplinary charges pursuant to Civil Service Law § 75 were finally served on August 22, 2012. Until such time, petitioner lacked official notice of his purported misconduct or the authority under which respondents were proceeding.[2] Once charges were served, petitioner commenced the current proceeding within less than 10 days seeking relief specific to those charges and the statutory authority under which they were brought. He sought pay for the period commencing 30 days after his suspension (see Civil Service Law § 75 [3]; Matter of Skrypek v Bennett, 7 NY3d 919, 919-920 [2006]; Gerber v New York City Hous. Auth., 42 NY2d 162, 164-165 [1977]), and he challenged some of the charges as time-barred under the statute (see Civil Service Law § 75 [4]). The August 2012 proceeding was timely and it sought relief that was distinct from the May 2012 proceeding.
We turn to the merits of the petition. To avoid unreasonable delay in moving forward with pending charges, Civil Service Law § 75 (3) authorizes suspension of pay during a disciplinary proceeding for only 30 days (see Nabors v Town of Somers, 72 AD3d 769, 772 [2010], lv dismissed 15 NY3d 949 [2010]; Matter of De Marco v City of Albany, 75 AD2d 674, 674-675 [1980]). Delays attributable solely to the charged employee or clearly *1230 waived by such employee can be excluded from back pay (see Gerber v New York City Hous. Auth., 42 NY2d at 165; Nabors v Town of Somers, 72 AD3d at 772-773; see also Matter of Skrypek v Bennett, 7 NY3d at 919-920). Here, the 30 days has long passed and petitioner is presumptively entitled to receive his regular compensation as Assistant Fire Chief until the determination of the disciplinary charges. However, the issue of compensation cannot be definitively resolved on this record as respondents contend that some delays were either attributable solely to petitioner or reflect periods waived by petitioner. The matter must thus be remitted for further development of the record as to the issue of retroactive pay.[3]
Petitioner contends that many of the disciplinary charges are time-barred because they arose from conduct that occurred more than 18 months prior to service of the charges. While charges are generally limited to the previous 18 months, there is an exception where the conduct “complained of and described in the charges would, if proved in a court of appropriate jurisdiction, constitute a crime” (Civil Service Law § 75 [4]; see Matter of Wade v Town of Ticonderoga Town Bd., 256 AD2d 860, 861 [1998], lv denied 93 NY2d 804 [1999]). Most of the specifications under charge 1 (misconduct) challenged by petitioner as untimely involve conduct which could, depending on the proof, constitute a crime (see People v Serkiz, 17 AD3d 28 [2005]). As for the other specifications in charge 1 challenged as time-barred, they appear to have been continuing in nature and it is not clear if all relevant alleged acts were completed more than 18 months before the charges were filed. However, specifications 4 and 5 under charge 2 (incompetence and/or dereliction of duty) were more than 18 months old and do not fall within the exception; accordingly, those two specifications were properly dismissed (albeit for the wrong reason). Petitioner’s other time-related challenge to the charges cannot be granted at this time, but can be asserted at the disciplinary hearing when the underlying facts are more fully developed.
The remaining arguments have been considered and are unavailing.
Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner’s claim for retroactive and ongoing compensation as Assistant Fire Chief; matter remitted *1231 to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. Respondents contend that part of the delay occurred because petitioner indicated that he was going to retire and, in fact, submitted his retirement application in mid-February 2012, but rescinded before the end of February 2012.

. There had been a dispute as to the proper procedural vehicle for considering disciplinary charges against petitioner. Gallo’s letter suspending petitioner did not notify him of the reasons for the suspension or the authority under which respondents were proceeding. Petitioner had originally claimed that the City’s contract with the Fire Department should control the procedures. However, since that contract apparently did not extend to petitioner’s position regarding disciplinary matters, respondents eventually used Civil Service Law § 75 when charges were filed in August 2012.

. Since this issue can be resolved after the disciplinary hearing or even in a separate proceeding (see Gerber v New York City Hous. Auth., 42 NY2d at 165), it should not. serve as a basis for any further delay in holding the disciplinary hearing.