Lahtinen, J.
Appeal from a judgment of the Supreme Court (Rumsey, J), entered July 23, 2012 in Cortland County, which partially granted petitioner’s application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner’s request for back pay and benefits pending a hearing pursuant to Civil Service Law § 75.
On August 30, 2011, respondent brought disciplinary charges pursuant to Civil Service Law § 75 against Azalea Martelli, a member of petitioner union, and suspended her without pay. When a hearing had not been conducted within 30 days, Martelli’s pay was restored while she remained suspended (see Civil Service Law § 75 [3]). In mid-December 2011, petitioner filed a demand to arbitrate the disciplinary matter involving Martelli. Upon receipt of such demand, respondent ceased paying Martelli on December 21, 2011 and commenced a proceeding to permanently stay arbitration, which Supreme Court granted on February 29, 2012. Thereafter, a disciplinary hearing in accordance with Civil Service Law § 75 was not scheduled and, accordingly, in April 2012, petitioner commenced this proceeding on behalf of Martelli seeking to restore her to respondent’s payroll retroactive to December 21, 2011. Supreme Court determined that the delay caused by the demand for arbitration, together with *1081 30 days as a reasonable time thereafter within which to hold a hearing, should be charged to Martelli. The court thus restored her to pay status as of March 29, 2012, minus unemployment benefits that she may have received, and continuing until the disciplinary matter is resolved. Respondent appeals.
We affirm. Respondent contends that the proceeding is premature and should not be considered ripe for review until after the Civil Service Law § 75 hearing is concluded. We are unpersuaded. Where unreasonable delay occurs in holding a hearing on alleged charges and that delay is attributable in part to the public employer, an employee whose suspension without pay has exceeded 30 days can seek reinstatement to the payroll pending a determination of the hearing (see Matter of Rea v City of Kingston, 110 AD3d 1227, 1229-1230 [2013]; Matter of Conde v Aiello, 204 AD2d 1029, 1029-1030 [1994]). Respondent’s reliance on Winkler v Kingston Hous. Auth. (238 AD2d 711 [1997]) is misplaced as that case involved a request for injunctive relief within the context of a case involving whether the public employee resigned as part of a settlement agreement (id. at 712). In Winkler there was a genuine dispute as to whether the employee would receive any back pay (see id.), whereas here Martelli is entitled to back pay since the hearing was not held within 30 days and some of that delay is attributable to respondent.
Supreme Court did not err in directing that Martelli’s back pay for the period exceeding 30 days be reduced by only unemployment benefits that she received during the relevant time. Respondent did not argue before Supreme Court that Martelli’s back pay should also be reduced by outside earnings nor is there any assertion of such outside earnings. Since a reduction from back pay of the amount of unemployment insurance benefits received during such time is statutorily authorized (see Civil Service Law § 75 [3]), Supreme Court properly reduced the award by that amount, but there was no need to further reduce the award under the circumstances. Simply stated, an employer’s best protection against a back pay award accruing is to hold the hearing within 30 days or, if beyond 30 days, create a clear record reflecting that it is not responsible for the delay (see generally Matter of Skrypek v Bennett, 7 NY3d 919, 919-920 [2006]).
Finally, we find no error in Supreme Court’s determination regarding the delays that it found were attributable to respondent (see id. at 919; Matter of Rea v City of Kingston, 110 AD3d at 1229-1230; Nabors v Town of Somers, 72 AD3d 769, 772 [2010], lv dismissed 15 NY3d 949 [2010]).
*1082 Peters, PJ., Stein and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed, with costs.