Matter of Brown v Bratton (2018 NY Slip Op 07541)





Matter of Brown v Bratton


2018 NY Slip Op 07541


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7563 100978/16

[*1]In re Lisa Brown, Petitioner-Appellant,
v
Police Commissioner William J. Bratton, et al., Respondents-Respondents.


District Council 37, AFSCME, AFL-CIO, New York (Aaron S. Amaral of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eric Lee of counsel), for respondents.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 16, 2016, denying the petition to annul and vacate respondents' determination, dated February 16, 2016, which suspended petitioner for 58 days for disobeying orders to sign HIPAA releases, and to adjudge respondents' decision requiring petitioner to submit to a fitness-for-duty evaluation without complying with Civil Service Law § 72 arbitrary and capricious and not supported by substantial evidence, and dismissing the proceeding brought pursuant to CPLR article 78 and Civil Service Law § 76, unanimously affirmed, without costs.
Petitioner failed to show that Civil Service Law § 72 was implicated upon respondents' decision to refer her for a fitness-for-duty evaluation. The statute plainly states that its procedural protections are triggered when an employer has determined that an employee is unfit for duty, at which point the employee is entitled to written notice of the grounds for the determination and an opportunity to challenge those grounds at a hearing (id. § 72[1]). Respondents' witnesses testified that, at the time petitioner was referred for evaluation, respondent police department (NYPD) had not reached this threshold determination and that the purpose of the evaluation was to insure, petitioner's worrisome on-the-job conduct notwithstanding, that she remained fit for duty. The NYPD could not have provided petitioner with the written notice to which she claims she was entitled, because it had neither adjudged her unable to perform her duties nor placed her on leave (cf. Laurido v Simon, 489 F Supp 1169, 1177-1178 [SD NY 1980] [analyzing earlier version of Civil Services § 72 and holding that before placing employee on involuntary leave of absence based on finding of mental unfitness for duty, employer must provide written notice of facts relied on to suggest mental unfitness]; Matter of Briggs v Scoralick, 147 AD2d 694, 695 [2d Dept 1989] [employee placed on medical leave without written notice of reasons therefor]; Matter of McShane v State of New York, 43 Misc 3d 320, 330 [Sup Ct, NY County 2014] [same]; Simulinas v City of New York, 2013 NY Slip Op 30263[U] [Sup Ct, NY County 2013] [same]).
Nor did petitioner show that the 58-day suspension she received for disobeying orders to sign HIPAA releases was so disproportionate to her misconduct as to be shocking to one's sense of fairness (see Matter of Pauling v Smith, 46 AD2d 759, 760 [1st Dept 1974]). By requiring her to sign HIPAA releases, respondents endeavored to act in keeping with the protections that attach to medical records, and HIPAA "clearly authorizes employers to require disclosure of medical records in connection with a fitness exam" (Sweeney v Department of Homeland Sec., 248 Fed Appx 179, 181 [Fed Cir 2007]). We do not find that, as petitioner contends, respondents' orders were arbitrary or overbroad. The orders were tailored to receive information from the medical providers that petitioner had identified and, moreover, were further limited by subsequent agreement. Respondents showed that the disclosure they ordered petitioner to provide was appropriate in light of public safety considerations. Petitioner's job as Supervisor Police [*2]Communication Technician, insuring that emergency 911 calls were immediately and accurately routed to the appropriate emergency responders, implicated public safety issues, giving the NYPD an interest in the records sufficient to outweigh petitioner's privacy rights (see O'Connor v Pierson, 426 F3d 187, 202-203 [2d Cir 2005]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK